UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA C CHASE, | |
| Plaintiff, | |
| v. | Case No. 2:24-CV-142-GSL-APR |
| SHARON K SWART, | |
| Defendant. | |

**OPINION AND ORDER**

Before this Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis. [DE 2]. For the reasons set forth below, the Court denies Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] and dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint, and file either another motion to proceed in forma pauperis or the statutory filing fee subject to the Court's instructions below. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's motion establishes that she is unable to prepay the filing fee. However, the Court must now examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the constitution or implicate federal law, or (2) there must be diversity of citizenship, where the parties of the lawsuit are citizens of two different states and where damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (quoting 28 U.S.C. § 1332(a)).

Here, Plaintiff filed claims in federal court alleging that she was slandered on April 4, 2024, when Defendant was interviewed by a union steward. [DE 1, Page 2.] Because there is no federal slander law, Plaintiff's claims do not arise under the Constitution, nor do they implicate federal law. For this Court to have jurisdiction, then, the Plaintiff must have alleged diversity of citizenship. When filing her complaint, Plaintiff alleged that her address was in Hammond, Indiana. [DE 1]. Plaintiff alleged that Defendant's address was also in Hammond, Indiana. [DE 1]. As a result, Plaintiff has not adequately alleged diversity of citizenship.

## **CONCLUSION**

Because Plaintiff has failed to allege claims that this Court has jurisdiction over, the Court denies Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] and dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint, and file either another motion to proceed in forma pauperis or the statutory filing fee subject to the Court's instructions below. If Plaintiff fails to amend her Complaint by July 29, 2024, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

SO ORDERED.

ENTERED: July 8, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court